IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| DEMONDRE DORSEY,<br><br>Petitioner<br><br>v.<br><br>WARDEN, FCI MCKEAN,<br><br>Respondent | 1:25-CV-00057-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS<br><br>ECF No. 3 |

I.    Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Demondre Dorsey ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 3. Petitioner, an inmate incarcerated at FCI McKean, is currently serving a 120-month prison sentence stemming from his conviction for possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). ECF No. 17-1 ¶ 3; ECF No. 17-2. Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), Petitioner's projected release date is March 14, 2029. *Id.*

In his petition, Dorsey asks the Court to order the Federal Bureau of Prisons (BOP) to reduce his sentence by applying earned time credits (ETC) pursuant to the First Step Act (FSA). *Id.* The government responds that Dorsey is ineligible to earn

1

time credits because he is serving a sentence for an offense specifically precluded from ETC under the FSA. ECF No. 17. For the reasons set forth below, Dorsey's petition will be denied and no certificate of appealability will issue.[1]

III.    Analysis

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities" can earn "time credits" that can be "applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4). However, the statute lists a series of convictions that make a prisoner ineligible for time credits. As relevant here, that list includes convictions under "[21 U.S.C. § 841(b)(1)] . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). Under the plain language of the statute, Dorsey's conviction of possession with intent to distribute 400 grams or more of fentanyl renders him ineligible to earn time credits. *See, e.g., Regalado v. Greene*, 2025 WL 411672, at *2 (M.D. Pa. Jan. 21, 2025) (conviction of possession with intent to distribute 400 grams or more of fentanyl "precludes Petitioner from accruing time credits under the FSA").

Despite the unambiguity of the statute, Dorsey contends that he is nevertheless eligible to earn time credits because the judgment entered in his

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

criminal case does not mention §841(b)(1).  He maintains "that [he] was convicted after a guilty plea to 21 U.S.C. § 841(a)(1) and that statute alone."  ECF No. 18 at p. 3.  Because the judgment does not specifically reference §  841(b)(1)(A)(vi) – the statutory subsection identified as a disqualifying offense under the FSA – Dorsey maintains that the BOP has misclassified him as ineligible to earn ETC.  *Id.*

Courts have consistently rejected this precise argument.  As explained in one recent decision, "Section 841(b)(1)(B), and its various subparagraphs, simply describe the penalties for a conviction under Section 841(a); anyone convicted under Section 841(b)(1)(B)(iv) was necessarily convicted under Section 841(a)."  *Heard v. Warden of FCI-Schuylkill*, 2026 WL 1008151, at *2 (M.D. Pa. Apr. 14, 2026) (rejecting petitioner's argument that he was eligible for ETC because the judgment for his §841(a) conviction failed to indicate which subsection of §841(b)(1) applied).  *See also Regalado*, 2025 WL 411672, at *2 (petitioner's fentanyl distribution conviction rendered him ineligible for ETC despite that his judgment referred only to § 841(a)(1); supporting documents in the record indicated that petitioner pled guilty to possession with intent to distribute 400 grams or more of fentanyl in violation of § 841(b)(1)(B)(vi)).  As noted in each of those decisions, the BOP is not limited to reviewing only the judgment itself in determining whether a conviction falls under the FSA's restrictions.  Rather, it can consider "the underlying documents in the case, including the charges, presentence investigation report, and any plea agreement."  *Heard*, 2026 WL 411672, at *2 (collecting cases).  *See also Martinez-Torres*, 2025 WL 3469851, at *2 (W.D. Pa. Dec. 3, 2025) ("Not every piece of paper in a case must

contain all the statutory citations applicable to the case."). In this case, Dorsey's indictment confirms that his conviction involved 400 or more grams of fentanyl – a disqualifying offense. ECF No. 17-5. *See also Heard*, 2026 WL 411672, at *2 (holding that, although petitioner's judgment did not mention §841(b)(1), "the record of [his] criminal case show[ed] that he was convicted of possession with intent to distribute more than 40 grams of fentanyl, so he is ineligible for FSA credits."); *Martinez-Torres*, 2025 WL 3469851, at *2 (although the judgment did not "specify the subsection of 21 U.S.C.§ 841(b)(1)(A)(vi) or (B)(vi) that was applicable to Martinez-Torres' plea to violating 21 U.S.C.§ 841(a)," the indictment and plea agreement made clear that he "pleaded guilty to . . . a quantity [of fentanyl] disqualifying him from application of ETCs under Subsection 3632(d)(4)(D)(lxvi)."). Dorsey's argument to the contrary is rejected, and his petition must be dismissed.

IV.    Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.[2] An appropriate order will follow.

Dated this 6th day of July, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[2] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

4